UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JEFFERY ADAMS, D-12,

    Defendant.

_____/

Case No. 15-20652-12

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF NO. 1697]

Defendant Jeffery Adams seeks compassionate release from prison, relief that the government opposes. For the reasons explained below, the court denies his motion.

Adams entered a plea of guilty to RICO conspiracy and was sentenced to 120 months' imprisonment. He has a projected release date of May 30, 2024 and has served just over 50% of his sentence. When Adams filed his motion for compassionate release, he was housed at FCI McKean. He has since been transferred to FCI Allenwood Medium, which had no confirmed cases of COVID-19 among inmates or staff on February

19, 2021.[1]  Adams seeks compassionate release due to a medical condition, specifically a history of asthma, and a generalized fear of what would happen to him if he contracted COVID-19.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  Prior to the effective date of the First Step Act, only the Bureau of Prisons could move for compassionate release, upon a finding that extraordinary and compelling reasons supported a sentence reduction.  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek compassionate release on his own behalf.  This section now allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction,

---

[1] As of February 19, 2021, 560 inmates and 49 staff were shown as having recovered at Allenwood Medium FCI.  On the same date at McKean FCI there was 1 inmate and no staff with confirmed active cases, and 453 inmates and 0 staff had recovered.  https://www.bop.gov/coronavirus/.

consistent with the "applicable policy statements issued by the Sentencing Commission"; and (3) the relevant sentencing factors listed in 18 U.S.C. § 3553(a) have been considered. 18 U.S.C. § 3582(c)(1)(A)(i).

I.    Exhaustion of Administrative Remedies

A defendant is allowed to file a motion for compassionate release after he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion. . ." or "30 days after the date the warden received a request for compassionate release." 18 U.S.C. § 3582(c)(1)(A). Adams' request for compassionate release was submitted on September 24, 2020 and was rejected on October 4, 2020 because his medical condition did not meet the criteria for a debilitated medical condition. Adams therefore has exhausted his administrative remedies.

II.   Extraordinary and Compelling Reason

Adams argues that he should be released because he has asthma, which makes him more vulnerable if he was to contract COVID-19. The Sixth Circuit recently held that when an inmate directly brings a motion for compassionate release, policy statement U.S.S.G. § 1B1.13, which applies only to motions brought by the Director of the BOP, need not be considered by the court. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (citation

-3-

omitted). Therefore, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20.

The CDC has identified certain medical conditions that place individuals at increased risk for severe illness from COVID-19. Moderate to severe asthma is categorized as a condition that "might" put an individual at an increased risk. CDC.gov (last accessed February 19, 2021). Moderate persistent asthma is described as having symptoms daily, nighttime symptoms 5 or more times a month, and "symptoms affect your activity, happen more than two times per week, and may last for days." Webmd.com (last accessed February 19, 2021).

A review of Adams' medical records shows that his claim of chronic asthma does not equate to moderate or severe asthma. Adams appears to have had childhood asthma, but there is no documented concern of asthma by the BOP until June 1, 2020 when Adams complained of breathing problems. A medical evaluation concluded that Adams "does not have any signs or symptoms of Asthma." Gov't Sealed Ex. G, 2020 BOP Medical Records, 11-12. Adams does not appear to have a chronic condition that the CDC has identified as causing an individual to face an increased risk of severe illness from COVID-19. Furthermore, the Court notes that at age 31, Adams does not face the same elevated risk from COVID-19 that the

-4-

elderly do.  The combination of his medical condition and age do not rise to the level of extraordinary and compelling.

At this time, everyone in our society faces a risk from COVID-19.  The Sixth Circuit has held that "generalized fears of contracting COVID-19, without more," do not justify compassionate release.  *United States v. Jackson*, 2020 U.S. App. LEXIS 32269, at *6 (6th Cir. Oct. 13, 2020).

The Court concludes that Adams has not presented an extraordinary and compelling reason for release.  The Sixth Circuit has stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *Elias*, 984 F.3d at 519.  Therefore, the Court does not have to address the relevant sentencing factors listed in § 3553(a).

For the reasons stated above, IT IS HEREBY ORDERED that Adams' motion (ECF No. 1697) is DENIED.

Dated:  February 22, 2021

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE